IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. **3:12-CR-054-L** |
| | § | |
| **JACQUES ROY, et al.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Cyprian Akamnonu's Motion for Modification of Restraining Order to Permit Liquidation of Properties, filed March 21, 2012. Defendant Cyprian Akamnonu ("Defendant" or "Akamnonu") moves for the release of certain assets from forfeiture to pay attorney's fees and costs.

Akamnonu was charged by indictment on February 23, 2012, with one count of Conspiracy to Commit Healthcare Fraud, in violation of 18 U.S.C. § 1349. The indictment includes a count seeking forfeiture of several of Akamnonu's assets, pursuant to 18 U.S.C § 982(a)(7), if he is convicted on the conspiracy charge. On March 2, 2012, the United States of America ("United States" or the "government") moved *ex parte* for a restraining order against several pieces of real property owned by Akamnonu. The court entered a restraining order, pursuant to 21 U.S.C. § 853(e)(1)(A), that same day as to such property, as it found that the restraining order application, grand jury indictment, and affidavit of Federal Bureau of Investigations Special Agent Chelsie Drews established sufficient probable cause for the restraining order.

Akamnonu now requests "a prompt hearing to contest all or parts of the restraining order." Mot. ¶ 6. Defendant specifically contends that all of the properties under the restraining order are not derived, directly or indirectly, from the gross proceeds traceable to the health care fraud alleged by the government against him. Mot. ¶ 4. Defendant also asserts that the government's action in seeking to restrain his property violates his constitutional rights to counsel and due process. Mot. ¶ 6. The government filed a response to Defendant's motion on April 4, 2012, indicating that it is opposed to any modification of the restraining order to enable Akamnonu to obtain funds for counsel.

Due process and the Sixth Amendment right to counsel do not require that assets needed to pay an attorney be exempted from restraining orders or, ultimately, from forfeiture. *United States v. Melrose E. Subdivision*, 357 F.3d 493, 500 (5th Cir. 2004) (citing *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 623-35 (1989) and *United States v. Monsanto*, 491 U.S. 600, 616 (1989)). Due process and the Sixth Amendment simply require that the court "in certain circumstances hold a hearing on the restraining order and make a determination that the assets are properly subject to forfeiture." *Id.* "[T]he Court must base any release of seized assets upon a finding that the government has not established probable cause to believe that the assets are tainted." *United States v. Simpson*, 2011 WL 195676, at *2 (N.D. Tex. Jan. 20, 2011) (quoting *United States v. Prejean*, 2005 WL 3543817, at *3 (E.D. La. Oct. 21, 2005)). "The hearing is limited in scope to determining whether there is probable cause to believe that the seized or restrained assets are traceable to criminal activity; it is not a forum for challenging the grand jury's finding of probable cause regarding the underlying crime." *Simpson*, 2011 WL 195676, at *2 (citing *United States v. Jones*, 160 F.3d 641, 647-48 (10th Cir. 1998)).

Due process does not always necessitate a post-restraint, pretrial hearing, and a defendant may not simply ask for one. *Simpson*, 2011 WL 195676, at *3 (citing *Jones*, 160 F.3d at 647). In *United States v. Holy Land Foundation for Relief and Development*, 493 F.3d 469 (5th Cir. 2007) (en banc), the court held that in determining whether to hold a hearing for a property owner to contest a restraining order, a district court should consider three factors set out in *Mathews v. Eldridge*, 424 U.S. 319, 335, (1976): "the private interest that will be affected by the restraint; the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the burdens that the hearing would entail." *Holy Land Found.*, 493 F.3d at 475. "[C]ircuits employing this test have found that a property owner's interest is particularly great when he or she needs the restrained assets to pay for legal defense on associated criminal charges[.]" *Id.* (citing *Melrose E. Subdivision*, 357 F.3d at 499-500).

With respect to the first factor—the private interest that will be affected by the restraint—district courts have followed *United States v. Jones* and *United States v. Farmer*, 274 F.3d 800 (4th Cir. 2001), to determine whether the court should hold a probable cause hearing. In *Jones*, the Tenth Circuit held:

> As a preliminary matter, a defendant must demonstrate to the court's satisfaction that [he] has no assets, other than those restrained, with which to retain private counsel or provide for [himself] and [his] family. The need for this requirement is obvious. If a defendant fails to persuade the court on this point, then the private interest of the [*Mathews v. Eldridge*] calculus drops out of the picture, tipping the balance of interests against a post-restraint hearing.

*Jones*, 160 F.3d at 647 (citations omitted); *see also Farmer*, 274 F.3d at 804 ("[The defendant's] private interest would be absent if [he] possessed the means to hire an attorney independently of assets that were seized.") "A defendant must also make a prima facie showing of a bona fide reason to believe the grand jury erred in determining that the restrained assets constitute or are

derived, directly or indirectly, from gross proceeds traceable to the commission of the . . . offense." *Jones*, 160 F.3d at 647 (internal quotation marks and brackets omitted, ellipsis added) (citing 18 U.S.C. § 982(a)(6)).

In *Simpson*, the district court applied the *Jones* and *Farmer* standards and determined:

> The court need not decide whether [the defendant] has met his burden of demonstrating that he lacks unrestrained assets to pay attorney's fees. This is so because [the defendant] has failed to satisfy the second requirement of *Jones* and *Farmer*: that he make a *prima facie* showing that the grand jury erred in determining that there is probable cause that the [a]ssets are traceable to criminal activity.

*Simpson*, 2011 WL 195676, at *4. In *United States v. Vogel*, 2010 WL 547344, at *2-3 (E.D. Tex. Feb 10, 2010) (adopting magistrate judge's report), the court applied the *Jones* and *Farmer* standards and considered: (1) whether the defendant demonstrated that there are no assets, other than those subject to forfeiture, with which to pay defense costs and living expenses, and (2) whether the defendant established a bona fide reason to believe that the grand jury erred in finding probable cause to believe that the restrained property would be subject to forfeiture if the defendant were convicted. The *Vogel* court concluded that if the defendant satisfied both burdens, the court should conduct an adversarial probable cause hearing at which the government would be required to establish probable cause to believe that the restrained assets are traceable to the criminal offense. *Id.* at *2. The court held that no hearing was required because the defendant failed to provide a bona fide reason to believe that the grand jury erred in finding probable cause to believe the restrained property would be subject to forfeiture if the defendant was convicted. *Id.* at *3-4. Thus, the court denied the defendant's motion for release and exemption from forfeiture funds to pay attorney's fees and defense costs. *Id.* at *4.

In *United States v. Causey*, 309 F. Supp. 2d 917 (S.D. Tex. 2004), the district court held that a post-restraint, pre-conviction hearing is not required "absent a prima facie showing, made

through a properly supported motion, that [the defendant] needs the assets for reasonable and necessary legal and/or living expenses, and that the grand jury erred in determining the assets are either proceeds from or traceable to the offenses charged in the Superseding Indictment." *Causey*, 309 F. Supp. 2d at 927.

After carefully considering Defendant Akamnonu's motion, the record, and applicable law, the court **determines** that Defendant has failed to meet his burden and provide the necessary facts to demonstrate that: (1) he lacks unrestrained assets to pay attorney's fees, and (2) the grand jury erred in determining that there is probable cause that the restrained assets are traceable to criminal activity. Defendant's motion provides at best a conclusory explanation that his Sixth Amendment and due process rights were violated. Accordingly, Defendant has not shown that he is entitled to a probable cause hearing. Therefore, the court **denies without prejudice** Defendant's Motion for Modification of Restraining Order to Permit Liquidation of Properties.

**It is so ordered** this 5th day of April, 2012.

Sam A. Lindsay  
United States District Judge