IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Criminal Action No. **3:12-CR-054-L** |
| | § | |
| **CYPRIAN AKAMNONU (4),** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Government's Motion to Modify Restraining Order, filed March 28, 2012. The United States of America (the "government"), pursuant to 21 U.S.C. § 853(e), requests the court to modify the restraining order issued on March 2, 2012 ("Restraining Order"), restricting the sale and dissipation of several parcels of real property owned by Cyprian Akamnonu ("Defendant" or "Akamnonu"), including the real property located at 2846 Traildust, Dallas, Texas (hereinafter, the "Traildust Property"). Following the court's issuance of the Restraining Order, the government learned of a proposed (pre-order) sale of the Traildust Property that had been negotiated with a third-party purchaser prior to Defendant's indictment and subsequent arrest. The government has corresponded via electronic mail with the realtors; the title company's representative; and Okey Akpom, Cyprian Akamnonu's attorney, who has authority to complete the sale on behalf of Akamnonu, regarding the details of the sale. The government requests that the court permit the sale of the Traildust Property to Jose Gonzalez for approximately $83,000. The government has conditioned its approval of the sale upon its receipt of the net sale proceeds, which total approximately $54,000, following payment of reasonable costs, fees, commissions, and overdue property taxes totaling $29,000. The government states

**Memorandum Opinion and Order – Page 1**

that the sale of the Traildust Property will preserve its current value for forfeiture and result in funds being turned over to it now, as opposed to later.

Pursuant to the court's order of April 13, 2012, Defendant Cyprian Akamnonu's Unopposed in Part, and Opposed in Part, Response to Government's Motion to Modify Restraining Order was filed on April 16, 2012. Defendant opposes the portion of the government's motion requesting that all funds from the sale of the Traildust Property be retained by the government. Defendant states that he has no other funds to pay for legal counsel to defend this case or provide food for his children because all funds and properties that he owns have been seized by the government. Akamnonu argues that the court should modify its Restraining Order to permit him to retain the funds from the sale of the Traildust Property to raise funds necessary to defend this case and provide for daily living of his minor children. Defendant contends that the Traildust Property was not derived from the proceeds of healthcare fraud. Defendant also requests a hearing, if necessary, to show the court that there is an error tracing the Traildust Property to the underlying offense.

The court previously ruled on the issue of modifying its Restraining Order when it denied without prejudice Defendant Cyprian Akamnonu's Motion for Modification of Restraining Order to Permit Liquidation of Properties, filed March 21, 2012. Defendant moved for the release of certain assets from forfeiture to pay attorney's fees and costs. The court observed that due process and the Sixth Amendment right to counsel do not require that assets needed to pay an attorney be exempted from restraining orders or, ultimately, from forfeiture. *United States v. Melrose E. Subdivision*, 357 F.3d 493, 500 (5th Cir. 2004) (citing *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 623-35 (1989) and *United States v. Monsanto*, 491 U.S. 600, 616 (1989)). Due process and the Sixth Amendment simply require that the court "in certain

circumstances hold a hearing on the restraining order and make a determination that the assets are properly subject to forfeiture." *Id.* The court also noted that due process does not always necessitate a post-restraint, pretrial hearing, and a defendant may not simply ask for one. At a minimum, Defendant must provide the necessary facts to demonstrate that: (1) he lacks unrestrained assets to pay attorney's fees, and (2) the grand jury erred in determining that there is probable cause that the restrained assets are traceable to criminal activity. *United States v. Jones*, 160 F.3d 641, 647-48 (10th Cir. 1998); *United States v. Farmer*, 274 F.3d 800, 804 (4th Cir. 2001); *United States v. Simpson*, 2011 WL 195676, at *4 (N.D. Tex. Jan. 20, 2011).

In its order of April 5, 2012, denying Defendant Cyprian Akamnonu's Motion for Modification of Restraining Order to Permit Liquidation of Properties, the court determined that Defendant failed to meet his burden, as he only provided a conclusory explanation that his Sixth Amendment and due process rights were violated. In his response, Defendant again fails to meet his burden. Defendant's response to the motion *sub judice* only provides a conclusory argument that he lacks the funds to obtain counsel and that the Traildust Property was not obtained by funds derived from healthcare fraud. Defendant also conclusorily alleges that the "forfeitability of the property by the Government is flawed." Response 4. Defendant's response simply does not provide "a prima facie showing, made through a properly supported motion, that [the defendant] needs the assets for reasonable and necessary legal and/or living expenses, and that the grand jury erred in determining the assets are either proceeds from or traceable to the offenses charged in the [] Indictment." *See United States v. Causey*, 309 F. Supp. 2d 917, 927 (S.D. Tex. 2004). The record actually reflects quite the opposite.

At Defendant's detention hearing, held on March 2, 2012, before Magistrate Judge Irma Carrillo Ramirez, the government's witness, Special Agent of the Federal Bureau of

Investigation Chelsie Drews, testified that from 2006 to 2011, Defendant's company, Ultimate Care Home Health Services, Inc. ("Ultimate"), received approximately $21 million from Medicare and approximately $3 million from Medicaid. Det. Hr'g Tr. 10, March 2, 2012. Agent Drews also testified that when considering all of the property discovered by the government by the time of indictment, Defendant and his wife paid approximately $2.5 million for those properties. Det. Hr'g Tr. 32. At the time of indictment, the government was aware of at least twenty bank accounts held by Defendant and his wife at three banks. Det. Hr'g Tr. 18. Since indictment, the government has learned about several more bank accounts at two additional banks. *Id.* The government included ten bank accounts in the Indictment. Indictment 24; Det. Hr'g Tr. 19. Of those ten accounts, the government recovered approximately $17,000. *Id.* Considering the $24 million received by Defendant and his wife from Medicare and Medicaid through their home health agency, Ultimate, and the properties and monies seized by the government, there is a large amount of money that remains unaccounted.

The court **determines** that Defendant has not made a showing that he is entitled to the funds from the sale of the Traildust Property or is entitled to a post-restraint, pretrial probable cause hearing. As stated by the court at the hearing on April 19, 2012, to the extent Defendant contends he has no funds to retain a lawyer, Defendant needs to file a motion requesting the appropriate relief and setting forth *evidence* demonstrating that he has no such funds. To the extent Defendant desires to sell property subject to restraint, Defendant needs to file a motion requesting the appropriate relief and setting forth *evidence* to make the proper showing required by *Jones, Farmer,* and *Simpson*, as enumerated above. Conclusory statements do not carry the day.

Regarding the sale of the Traildust Property, the court's Restraining Order permits the government to seek modification, if it is deemed necessary by the government, to preserve its interest in the property that is subject to the Restraining Order. Pursuant to 21 U.S.C. § 853(e)(1), the court may "take any other action to preserve the availability of property" for forfeiture. Upon consideration of the government's motion, the court **determines** that modification of the Restraining Order is necessary to preserve the government's interest in the Traildust Property as well as to preserve the availability of the Traildust Property (or its value) for forfeiture.

Accordingly, the court **grants** the Government's Motion to Modify Restraining Order. The court **orders** that the Traildust Property be sold in the manner approved by the government, (to the extent that such sale is still an available option), that is, to Jose Gonzalez for approximately $83,000, and that the net proceeds of the sale be released to the government pending forfeiture. The funds shall be held by the government until there is a final determination by the court concerning forfeiture, unless the court otherwise orders.

**It is so ordered** this 26th day of April, 2012.

Sam A. Lindsay
United States District Judge